UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TAVON HILTON, #1539859,

        Petitioner,

v.                                                   CIVIL ACTION NO. 2:16cv135

DIRECTOR OF THE DEPARTMENT
OF CORRECTION,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Tavon Hilton's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and the respondent's motion to dismiss. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 5, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. STATEMENT OF THE CASE

Tavon Hilton ("Hilton") is in state custody pursuant to convictions in the Circuit Court of Henrico County. *Commonwealth v. Hilton*, CR14-0582 to -0589-00F (Va. Cir. Ct. Aug. 14, 2014). On August 14, 2014, Hilton was tried by a jury and convicted of eight offenses – attempted robbery, attempted malicious wounding, robbery, carjacking, use of a firearm in the commission of a robbery, use of a firearm in the commission of a carjacking, use of a firearm in

the commission of an attempted robbery, and use of a firearm when committing or attempting to commit malicious wounding. ECF No. 7-3 at 1–2. The jury recommended a total term of incarceration of 50 years. *Id.* at 2. Prior to the entry of a final order and judgment of conviction, however, on or about August 18, 2014, the Commonwealth discovered that three, original prosecution exhibits were still in the Commonwealth's possession. ECF No. 7-1 at 1. Thus, these exhibits had not been sent back with the jury during deliberations. *Id.* at 1–2. Following this disclosure, on September 3, 2014, Hilton, through counsel, filed a motion for mistrial and a new trial. ECF No. 7-2 at 1.

During a September 10, 2014 motions hearing, the trial court orally granted Hilton's motion. ECF No. 7-1 at 2. The court also granted defense counsel's motion to withdraw as counsel and appointed G. Russell Stone, Jr., as Hilton's new attorney. *Id.* at 3–4. During the same hearing and prior to the appointment of new counsel, Hilton, acting *pro se*, orally moved to dismiss the case, claiming that prosecutorial misconduct caused the mistrial, but the trial court denied the motion. *Id.* at 4. On September 18, 2014, the court entered a written order granting the motion for mistrial and a new trial on "grounds of manifest necessity," setting a new trial date of December 17, 2014, granting the motion to withdraw, and appointing new counsel. ECF No. 7-2. On November 5, 2014, Hilton, acting through counsel, moved for dismissal and discharge of the indictments on double jeopardy grounds, alleging that the prosecution's intentional misconduct forced Hilton to request a mistrial. ECF No. 7-3 at 1. The same motion requested that the trial judge recuse himself from deciding the motion. *Id.* at 1. By order dated November 12, 2014, the court denied both motions. ECF No. 7-4.

On December 17, 2014, Hilton was again tried before a jury and convicted in the Circuit Court of Henrico County of the same eight offenses – attempted robbery, attempted malicious

wounding, robbery, carjacking, use of a firearm in the commission of a robbery, use of a firearm in the commission of a carjacking, use of a firearm in the commission of an attempted robbery, and use of a firearm when committing or attempting to commit malicious wounding. ECF No. 7-5. The jury recommended and, on March 3, 2015, the court sentenced Hilton to imprisonment for 63 years. ECF No. 7-5 at 3–5, ECF No. 7-6 at 1–2.

On direct appeal, Hilton argued that insufficient evidence existed to convict him of carjacking in violation of section 18.2-58.1 of the Code of Virginia, and, by extension, of using a firearm in the commission of a carjacking in violation of section 18.2-53.1. Hilton also argued that the trial court erred by refusing his jury instruction on carjacking. The Court of Appeals of Virginia denied Hilton's appeal by orders entered on December 30, 2015, and March 15, 2016. ECF No. 7-7. Hilton noted an appeal to the Supreme Court of Virginia, which remains pending. ECF No. 7 at 3.

Hilton also filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on December 23, 2014. ECF No. 7-8 at 1. Hilton argued first that he was denied effective assistance of counsel when his attorney filed a motion to dismiss the charges on double jeopardy grounds, prior to obtaining the trial transcript. *Id.* Claiming that the transcript would have buttressed his claim that deliberate, prosecutorial misconduct forced the defense's request for a mistrial, Hilton argued that counsel's failure to obtain the transcript led to the denial of the motion to dismiss the charges. *Id.* Second, Hilton argued that the trial court erred in not considering his *pro se* motion for mistrial and to dismiss the indictments. *Id.* at 2. In two other unenumerated claims, Hilton also argued that (1) he was denied effective assistance of counsel when his attorney failed to object to the introduction of a photo array at the second trial that reportedly differed from an array admitted at his first trial; and (2) the trial court erred in

allowing the Commonwealth to present false evidence to the jury in the second trial. *Id.* at 2–3. On December 23, 2015, the Supreme Court of Virginia dismissed Hilton's petition for a writ of habeas corpus. *Id.* at 1–3.

On March 22, 2016, Hilton filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. Hilton argues that, following the mistrial, double jeopardy barred the Commonwealth from trying him on a second occasion for the same offenses. *Id.* at 5, 20–21. Hilton argues that he did not consent to a mistrial, but rather that "the Commonwealth cause[d] the mistrial." *Id.* at 23–24. In the absence of "manifest necessity" for a mistrial, Hilton claims that his second prosecution violated double jeopardy. *Id.* at 24.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for the Court to address Hilton's petition, his claim must be exhausted. *See* 28 U.S.C. § 2254(b). Exhaustion requires that all "essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

In his petition for a writ of habeas corpus in the Supreme Court of Virginia, Hilton claimed that "the trial court erred by not considering his pro se motion for a mistrial and to dismiss the indictments." ECF No. 7-8 at 2. As respondent concedes in his brief, Hilton's state habeas claim encompasses the double jeopardy claim brought before this Court. ECF No. 7 at 6. Thus, petitioner's claim is exhausted.

Moreover, even if any difference existed between Hilton's state habeas claim of error (refusal to consider his *pro se* motion concerning mistrial and request for dismissal of the indictments) and the double jeopardy claim brought before this Court, the latter is nonetheless exhausted because, if Hilton tried to pursue it in state court now, the claim would be procedurally barred. *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."). This is so because, under section 8.01-675.3 of the Code of Virginia, the time has passed for Hilton to present his double jeopardy claim on direct appeal. Furthermore, if Hilton now tried to pursue this claim in a second petition for a writ of habeas corpus in the Supreme Court of Virginia, Virginia's prohibition of successive habeas petitions would prevent him from doing so. Va. Code Ann. § 8.01-654(B)(2); *see also Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001) (noting that section 8.01-654(B)(2) "bars [a] subsequent habeas petition raising new claims . . . that were never raised in the prior petition," when the facts giving rise to such claims were known to the petitioner at the time of the first filing).[1]

## B. Procedural Default

This Court may only address the merits of a petitioner's claims that were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729

---

[1] Finally, if any difference existed between Hilton's double jeopardy claim and the pro se claim asserted in the trial court and in his state habeas petition, the former would also be procedurally barred in state court due to the fact it was not raised at trial or on direct appeal. *See Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (holding that a petitioner who failed to assert, at trial or on appeal, the claim that an in-court identification at trial was impermissibly suggestive, could not do so by means of a habeas petition).

(1991). A state procedural rule is adequate if it is firmly established and regularly followed. *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule is independent if it does not depend on a federal constitutional ruling. *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Hilton's claim that his convictions violate double jeopardy is procedurally defaulted. In dismissing Hilton's state habeas petition, the Supreme Court of Virginia concluded that Hilton's claim that "the trial court erred by not considering his *pro se* motion for mistrial and to dismiss the indictments . . . [was] barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal. *Brooks v. Peyton*, 210 Va. 318, 321–22, 171 S.E.2d 243, 246 (1969)." ECF No. 7-8 at 2. The application of the rule specified in *Brooks v. Peyton* constitutes an adequate and independent state law bar. *See Jeffers v. Allen*, No. 1:15cv808, 2016 U.S. Dist. LEXIS 36005, at *7–8 (E.D. Va. Mar. 18, 2016) (finding that the state habeas court's reliance on *Brooks v. Peyton* constituted an adequate and independent state-law ground for a finding of procedural default). Accordingly, Hilton's claim is procedurally defaulted.

A petitioner may overcome procedural default and obtain federal merits review, however, if he can "demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The cause requirement compels a petitioner to demonstrate that "'some objective factor external to the defense impeded [his] efforts' to raise the claim in state court at the appropriate time." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To establish prejudice, a petitioner must also establish that any errors at trial worked to his "*actual and*

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Similarly, a petitioner may avail himself of the "fundamental miscarriage of justice" exception by proffering new, reliable evidence sufficient to support a claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 314-15, 324 (1995); *see also United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.").

Hilton has not met his burden of demonstrating that an exception to the procedural bar applies here. This is not a case in which Hilton may plausibly assert that the facts giving rise to the claim were not reasonably available to him or his attorney. To the contrary, both Hilton and his appellate attorney, the same attorney who represented him at the second trial, *see* ECF No. 1 at 13 (noting Mr. Stone as both trial and appellate counsel), were well aware of the facts giving rise to Hilton's second trial. Indeed, an excerpt of the appellate brief filed by counsel and attached as exhibit 5 to Hilton's reply and opposition brief, recites that Hilton was tried and convicted twice, following the declaration of a mistrial due to the failure to supply several trial exhibits to the jury. Reply Brief in Supp. of Rule 7(K) and Opp. to Mot. to Dismiss ("Reply Br."), Ex. 5 at 2, ECF No. 9 at 100. Further, in his petition, Hilton indicates that his double jeopardy claim was not presented on direct appeal "because petitioner filed in the Supreme Court of Virginia [and] counsel mention[ed] but did not argue double jeopardy." ECF No. 1 at 6. More recently, in response to the respondent's motion to dismiss, Hilton contends that he requested that appellate counsel argue the double jeopardy claim on appeal, but counsel "refused." Reply Br. at 4-5.

Although ineffective assistance of counsel may, if proven, constitute cause for a default, *see Carrier*, 477 U.S. at 488, where, as here, that claim is also defaulted, a petitioner must establish cause and prejudice to raise such a claim. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Hilton cannot do so here, however, because the facts before the Court indicate that counsel apparently made a reasonable tactical decision in electing to focus the appellate court's attention on Hilton's carjacking arguments, rather than pursuing the double jeopardy claim. Both the sentences associated with the carjacking and related firearm counts (a combined 20 years), ECF No. 7-5 at 3, and the unusual factual circumstances related to the carjacking (Hilton reportedly took the keys to the victim's vehicle but not the vehicle itself), Reply Br., Ex. 1 at 336–37, 340–41, 367–68, offer support for the choice made by appellate counsel.

As observed by the Fourth Circuit, "[t]he range of reasonable professional assistance is just as wide on direct appeal as it is at trial." *United States v. Baker*, 719 F.3d 313, 318 (4th Cir. 2013). Even if Hilton's double jeopardy claim potentially possessed merit, which it does not, appellate counsel had no obligation to raise *each and every* non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751–54 (1983) (counsel has no constitutional duty to raise every non-frivolous issue on appeal). Indeed, effective appellate advocacy often requires focusing only upon the most cogent appellate issues. *See Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) ("winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (quotation marks and citations omitted)). As a result, "[i]n applying [the *Strickland*] test to claims of ineffective assistance of counsel on appeal . . . reviewing courts must accord appellate counsel the 'presumption that [they] decided which issues were most likely to afford relief on appeal.'" *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

Accordingly, for the reasons discussed above, Hilton has failed to establish cause for his procedural default. Also, as discussed below, Hilton also cannot establish prejudice or that a decision not to review his claim will result in a fundamental miscarriage of justice.

### C. The Absence of Prejudice or a Fundamental Miscarriage of Justice

Even in the absence of procedural default, the facts before the Court fail to support any claim of actual innocence or the conclusion that a double jeopardy violation infected Hilton's trial with error.[2] The Double Jeopardy Clause of the Fifth Amendment to the Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend V. This clause, as applied to states via the Due Process Clause of the Fourteenth Amendment, "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (citation omitted). The protection offered by the Double Jeopardy Clause, however, is not a "guarantee . . . that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." *Id.* at 672 (citations omitted). For example, for a mistrial to be declared over a defendant's objection, the Supreme Court requires that "manifest necessity" be shown in order to "provide[] sufficient protection to the defendant's interest in having his case finally decided by the jury first selected while at the same time maintaining 'the public's interest in fair trials designed to end in just judgments.'" *Id.* (quoting *Wade v. Hunter*, 366 U.S. 684, 689 (1949)). In the absence of manifest necessity for a mistrial granted over an objection by the defense, a defendant may not be retried.

---

[2] If this Court were to review Hilton's claim on the merits, because the state court denied habeas relief on the procedural grounds, a *de novo* standard of review would apply. *See Thomas v. Horn*, 570 F.3d 105, 114–16 (3d Cir. 2009) (holding that, after state trial court had denied petitioner's claims on the merits and the state supreme court dismissed the claims on purely procedural grounds, the claims were subject to *de novo* review in federal court); *Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997) (same).

Alternatively, a defendant may avoid a second trial, pursuant to the Double Jeopardy Clause, following the grant of a mistrial on the defendant's own motion by establishing that the government engaged in "conduct . . . intended to 'goad' the defendant into moving for a mistrial . . . ." *Id.* at 675–76; *see also United States v. Mathis*, 636 F. App'x 162, 165 (4th Cir. 2016) (noting that the defendants bore the burden of proving "specific intent to provoke a mistrial") (citation omitted). Stated another way, "[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Kennedy*, 456 U.S. at 675–76.

Hilton contends that the Double Jeopardy Clause barred his retrial and required dismissal of the charges against him for two reasons. First, he claims that the trial judge granted a mistrial over his objection without manifest necessity for doing so. ECF No. 1 at 21, 24, 28–29. Second, and before the Supreme Court of Virginia, Hilton contended that the government purposefully withheld three exhibits from the jury, thereby "goading" him into moving for a mistrial. ECF No. 7-8 at 1. Both of these contentions are without merit.

With respect to the first, the record reflects that Hilton, through counsel, moved for the mistrial and a new trial after the government revealed that it possessed three of the original trial exhibits that should have been supplied to the jury. ECF No. 7-2. Thus, the defense initiated the mistrial request, rather than objecting to any mistrial proposed by the court or prosecution. ECF No. 7-1 at 1 (defense counsel reciting "We're here on Mr. Hilton's Motion for Mistrial"). *After* the court granted the defense motion, as well as defense counsel's motion to withdraw, but *before* the court appointed new counsel, Hilton addressed the court and moved to dismiss the case due to prosecutorial misconduct. ECF No. 7-1 at 4. At no time when defense counsel was

addressing the court concerning the motion for mistrial or later, when Hilton himself addressed the court, did Hilton advise the court that he objected to a mistrial. *Id.* at 1–4. Instead, Hilton briefly requested dismissal of the charges due to the prosecutor's misconduct and the court promptly denied the motion and appointed new counsel to represent Hilton. *Id.* at 4. Therefore, this is not a case where the trial court granted a mistrial over the objection of a defendant.[3]

This leaves the alternative argument that the prosecution purposefully withheld the three exhibits from the jury specifically intending to goad Hilton into moving for a mistrial. This argument fails to find any support in logic or fact. Notwithstanding the absence of facts supporting such a scenario, one might conceivably allege that, fearing an acquittal, the prosecution deliberately withheld three exhibits from the jury in order to increase the chance of one or more convictions. But doing so not only ignores the fact that the exhibits not provided to the jury were exhibits offered into evidence by the prosecution, but also requires the Court to find that the same prosecutor who allegedly engaged in such underhanded conduct to obtain guilty verdicts would, after obtaining the desired result, disclose to the court that the jury failed to receive three prosecution exhibits. This makes no sense.

Instead, the trial judge concluded, after reviewing the defense motion, the prosecution response, and hearing from counsel for both parties, that "I think frankly what happened was that

---

[3] Accordingly, the Court rejects Hilton's suggestion that his request to dismiss the case somehow constituted an objection, implicit or otherwise, to his own motion for a mistrial. The record clearly shows that Hilton sought to set aside the result of the first trial. Nevertheless, even if the Court could construe Hilton's action as an objection to his own mistrial motion, the trial court found (without needing to do so) that manifest necessity existed for granting a mistrial. ECF No. 7-2 at 1. The necessity for the same existed, as argued by defense and recognized by the trial court, because one of the three exhibits not supplied to the jury contained information pertinent to Hilton's defense to the charges. ECF No. 7-1 at 1–2 ("What the jury didn't have was Number 3, which was the description of the second individual, which you argued before the jury."); Reply Br., Ex. 1 at 369–70 (closing argument of defense counsel referencing prosecution exhibits 2 and 3).

. . . at the end of the trial, after [the prosecutor] argued, and the jury went out, [the prosecutor] inadvertently picked [the exhibits] up . . . by accident." ECF No. 7-1 at 3. As the person best situated to assess what happened and whether the prosecution specifically intended to cause Hilton to move for a mistrial, the trial judge's determination is entitled to deference. *See United States v. Borromeo*, 954 F.2d 245, 247 (4th Cir. 1992) (holding that "[t]he court's finding concerning the prosecutor's intent is, of course, a factual one which we must accept unless it is clearly erroneous."); *United States v. Green*, 636 F.2d 925, 927 (4th Cir. 1980) (finding that "[t]he issue whether the prosecution deliberately provoked a mistrial becomes one for the district judge to resolve, and his determination will not be disturbed if supported by the record."). Although Hilton suggests that the trial court should have more extensively investigated the circumstances surrounding the collection and disposition of trial exhibits for the jury, ECF No. 1 at 28, he offers no facts upon which this Court could conclude that the trial court's conclusion was erroneous.

Therefore, even in the absence of a procedural bar to a merits review of Hilton's claim in federal court, the Court finds no basis upon which to conclude that Hilton could successfully prosecute his claim of double jeopardy.

### D.     Evidentiary Hearing

Hilton requests an evidentiary hearing. ECF No. 10. The Court "may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief and has 'establish[ed] one of the six factors set forth in *Townsend v. Sain*, 372 U.S. 293 (1963).'"[4] *Robinson v. Polk*, 438 F.3d 350, 368 (4th Cir. 2006)

---

[4] Those six factors are:  (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair

(quoting *Fullwood v. Lee,* 290 F.3d 663, 681 (4th Cir. 2002)). As discussed above, petitioner has failed to allege additional facts that would entitle him to relief. Accordingly, petitioner's request for an evidentiary hearing is **DENIED**.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 5, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

---

hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Townsend,* 372 U.S. at 313.

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ *[signature]*
**Robert J. Krask**
**United States Magistrate Judge**

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 7, 2016